REGAN, Judge.
We granted writs of certiorari and prohibition herein in order to review a judgment of the lower court wherein the defendant, the Sewerage and Water Board of the City of New Orleans, was ordered to produce for an inspection and examination thereof all reports or documents involving the repair, service, construction and maintenance of a fire hydrant located on the downtown lake corner of Burgundy near Canal Street, for the period beginning January 1, 1954, and ending January 11, 1967, together with any other records which would reflect the date of installation and the purchase of this fire hydrant by the defendant.
The suit out of which this aspect of the matter arises is one for personal injuries instituted by the plaintiff, Emmett A. Moran, Jr., who explains that he was injured in the course of his employment with the Department of Sanitation of the City of New Orleans when he endeavored to open the valve of this fire hydrant in order to wash one of the City’s streets, and it loosened from its mooring and struck him in the chest.
The Sewerage and Water Board points to the fact that it has already answered 144 written interrogatories propounded by the plaintiff, produced 14 of its employees as witnesses for depositions, and voluntarily supplied the plaintiff with 9 documents relative to this fire hydrant. In addition thereto, the Board has consented to permit an examination, inspection, and disassem-blage of a three-way hydrant similar to the one which forms the subject matter of this litigation.
In any event, the defendant has made application to us for supervisory writs predicated on the fact that compliance with the judgment which ordered the reports and other documents relative to this hydrant would be onerous, burdensome, and expensive, especially in view of the nature of the case and the amount of discovery already obtained by the plaintiff.
In order to substantiate the foregoing conclusion, the Sewerage and Water Board offered an affidavit by Ben J. Haney, its principal assistant engineer, wherein he related that in order to comply with the low *205 er court’s ruling, the Board would have to produce 935 log books containing 277,500 reports, all of which would occupy an area of 6 inches by 12 inches by 116 feet. Counsel for the Board very graphically and pictorially explains that if these records were placed on top of each other, their height would be roughly equivalent to that of a ten story building.
It is quite obvious that the records of the defendant are public records, and that the plaintiff possesses the legal right to examine them.[1] Moreover, the Sewerage and Water Board has offered the comfort and convenience of its facilities to the plaintiff in order that he may endeavor to to discover the information which he desires from these records. However, the defendant very aptly points out that the plaintiff does not know which specific reports he desires, and that there is nothing in the record to indicate that the documents, reports, or information which he seeks do, in fact, exist.
Article 1492(1) of the Code of Civil Procedure provides that:
“Upon motion of any party showing good cause therefor, and subject to the provisions of Article 1452, the court in which an action is pending or in which the judgment was originally rendered may:
(1) Order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Article 1436 and which are in his possession, custody, or control;”
It should be noted, however, that the foregoing article is expressly made subject to the provisions of Article 1452 of the Code of Civil Procedure, which stipulates that the court may render any order which justice requires to protect the party or witness from annoyance, embarrassment, oppression, or undue expense. In this case, the vast number of reports requested and the enormous number of unindexed documents which would have to be examined in order to obtain the information sought by the plaintiff in this matter, if it should exist, would require the undivided attention of one of the Board’s employees for approximately two weeks. Such expense and inconvenience is unjustified, especially since there exists absolutely no evidence of the direct and relevant nature of the documents which are sought to be examined.
In view of what we have said, we are of the inevitable opinion that the lower court abused its discretion in ordering the defendant to produce a veritable mountain of documents in response to the plaintiff’s motion therefor, since the production thereof would result in unnecessary annoyance, embarrassment, oppression, and expense to the Sewerage and Water Board. This is especially true since the documents sought are public records, readily accessible to the plaintiff. Moreover, an analysis of the previous discovery techniques employed by the plaintiff herein discloses that his motion to produce possesses many of the characteristics of pure and simple harassment.
For the foregoing reasons, the judgment of the lower court, insofar as it orders the defendant to produce hydrant reports, documents of repair, service records, construction and maintenance records from January 1, 1954, to January 11, 1967, and requires the production of the records of purchase and installation of this hydrant, is reversed, and judgment is hereby rendered dismissing the plaintiff’s motion for the production of these documents.
That part of the judgment which orders the defendants to permit inspection, ex- *206 animation, and disassemblage of a three-way water hydrant is affirmed.
The matter is now remanded to the district court for such further proceedings as the nature of the case may ultimately require and in conformity with the views expressed herein.
All costs in this court on this application for supervisory writs are to be borne by the plaintiff. All other costs in this proceeding are to await its final determination.
Reversed in part, affirmed in part, remanded.

. See R.S. 44:1 and R.S. 44:31.